UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ST. MICHAEL ENTERPRISES, LLC and
WALTER MIHAILOVICH

                                            Plaintiffs,                      **MEMORANDUM & ORDER**

                        — against —                                  09-CV-5147 (SLT)(MDG)

SERBIA MINISTRY OF PRIVITIZATION AND
ITS PRIVATIZATION AGENCY, *et al.*,

                                            Defendants.
----------------------------------------------------------------X

**TOWNES, United States District Judge:**

       St. Michael Enterprises, LLC ("SME") and its owner Walter Mihailovich (collectively, "Plaintiffs") initially brought this suit in the Supreme Court of the State of New York, Queens County. On November 23, 2009, this case was removed from the state court by Defendants Raiffeisen Investment and Raiffeisen Zentral Bank (herein, "Defendants"). Defendants filed a motion to dismiss arguing, *inter alia*, that the amended complaint should be dismissed for lack of personal jurisdiction and invalid service of process. That motion is denied without prejudice. Pursuant to 12(d) of the Federal Rules of Civil Procedure, this Court will address the personal jurisdiction question on a summary judgment motion, and grants the parties an opportunity to submit additional material relevant to this issue.

## BACKGROUND

       The facts, according to the Amended Verified Complaint [D.E. 18] ("Am. Compl."), are as follows. As part of a privatization effort, Serbia's Ministry of Privatization began selling government-owned companies through its Privatization Agency ("PA"). (Am. Compl. at ¶ 3, 10.) Jelen Do "was a company owned by the sovereign nation of Serbia engaged in the production of building materials including limestone products" in Jelen Do, Serbia. (*Id.* at ¶ 11.)

On or around September 16, 2002, the PA announced the plan to sell 70% of Jelen Do and began soliciting bids. (*Id.* at ¶ 12.) Plaintiffs make allegations against two Raiffeisen defendants. "Raifeissen [sic] Zentral Bank…is a banking institution and a division of the Bank of Austria with an office for the conduct of business in the city of Belgrade in the sovereign nation of Serbia and an office in the City, County and State of New York." (*Id.* at ¶ 5.) Raiffeisen Investment ("RI") "is and was an investment institution and a division of the Bank of Austria with an office for the conduct of business in the City of Vienna in the sovereign nation of Austria and an office in the City, County and State of New York." (*Id.* at ¶ 6.) Plaintiffs allege that "Raifeissen [sic] [Investment] was the advisor, consultant to, alter ego and agent of the PA for the privatization of Jelen Do." (*Id.* at ¶ 13.)

Plaintiff St. Michael Enterprises, LLC is a limited liability corporation organized in Florida with a principal office in the County of Queens, State of New York. (Am. Compl. at ¶ 1.) St. Michael Enterprises, LLC is the "successor in interest to St. Michael Enterprises d.o.o.," which was "a limited liability company registered in Serbia as a foreign firm with one hundred (100%) percent foreign capital as provided by Serbian Law…and was one hundred (100%) percent American-owned by Mihailovich." (*Id.* at ¶¶ 1, 15.) St. Michael Enterprises d.o.o. ("SME") was later dissolved under Serbian law. (*Id.* at ¶ 1.)

Around May 9, 2003, the PA notified SME that it had placed the winning bid for the purchase of Jelen Do. (*Id.* at ¶ 14.) The PA and SME met at the offices of the Privatization Agency in Belgrade, Serbia to negotiate the terms of the contract. (*Id.* at ¶ 16.) Plaintiffs allege that "the PA wished to have a formal signing ceremony," and, therefore, "SME was given limited time by the PA to read…the contract." (*Id.* at 18.) There were two versions of the

contract, one in English and one in Serbian, and "SME was instructed…to review the contract to determine whether there were any major discrepancies between the two versions which would then be renegotiated and/or corrected." (Am. Compl. at ¶¶ 17-18.) SME noted "several material errors" and, upon informing the PA, was assured "that there would be ample opportunity at a later date to correct those errors in the contract." (*Id.* at ¶ 19.) Relying on the representation that errors could be corrected at a later date, SME signed the contract with the errors. (*Id.* at 21.) SME was required "to deposit a foreign currency bid bond" for $150,000.00 as a guarantee that SME would complete the agreement by negotiating the contract, paying the purchase price, and depositing a "performance bond." (*Id.* at 23.) SME provided the PA with a list of errors, including errors between the two versions regarding the terms of the bid and performance bonds. (*Id.* at 22.) In particular, Plaintiffs allege that "[a] significant error…was that the executed contract provided payment of the bid bond in…dinars, rather than American dollars, and under its terms gave to the PA[] the right to call a dinar-denominated bond of a specified amount, rather than American dollars to be deposited with [Raiffeisen Zentral] Bank for its bid bond." (*Id.* at 24.) Although SME had deposited the bid bond, SME wanted the contractual errors corrected before it deposited the $3.7 million purchase price and a performance bond in excess of $11 million, but the PA refused. (Am. Compl. at ¶¶ 25-26.) SME then "solicited the U.S. Embassy to intervene" and requested a 20 day extension of time to perform under the contract. (*Id.* at 27.)

After the U.S. Embassy intervened, the PA informed SME that it should "formally request an extension [of] time in writing and notify the PA in writing of the precise errors which required correction along with a proposal for correction." (*Id.* at 28.) On July 4, 2003 the PA

3

confirmed that SME would receive a 20 day extension from the original deadline of July 7, 2003 until July 27, 2003. (*Id.* at 37.) Plaintiffs further allege that the PA agreed to arrange a time to meet to make all necessary changes to the contract. (*Id.*) However, on Monday July 7, 2003, the PA informed SME that over the prior weekend the Minister of the PA, the members of the PA, and "[the PA's] alter ego and agent Raifeissen [sic] Investment" had discussed the extension. (Am. Compl. at ¶ 38.) The PA informed SME that the PA committee that had been formed to oversee the Jelen Do sale had voted against granting the 20 day extension. (*Id.* at ¶ 39.) Based on information from a member of the committee, Plaintiffs allege that this representation from the PA was false, as the committee had neither had an official meeting nor an official vote. (*Id.* at ¶¶ 43, 52, 57.)

On or around July 9, 2003, the PA informed SME by mail that SME had failed to comply with the terms of the contract and the bid bond was callable. (*Id.* at ¶ 45.) SME informed Raiffeisen Zentral Bank ("RZB"), which held the bid bond, "that the contract did not allow the PA to call the one hundred fifty thousand ($150,000) dollar bid bond and that the PA's only right was to a bid bond denominated in Serbian dinars for which SME had no such bond on deposit with [RZB] for the benefit of the PA." (*Id.* at ¶ 46.) Around July 14, 2003, RZB informed SME that the PA had placed a formal request for the bid bond and, around July 17, 2003, RZB paid the bid bond to the PA. (*Id.* at ¶ 50.)

Plaintiffs filed the instant suit and allege that they served Defendants RI and RZB at 1133 Avenue of the Americas, New York, N.Y. (Memorandum of Law In Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Pl. Opp.") at 25.) Defendants argue that service was procedurally improper, which Plaintiffs dispute, but both parties agree that the Plaintiffs

4

were attempting to serve, in some form, at the aforementioned address. (*Id.*; Memorandum of Law In Support of Motion of Defendants Raiffeisen ZentralBank Österreich AG and Raiffeisen Investment AG to Dismiss the Amended Complaint ("Def. Mem.") at 20.) Additionally, Defendants argue that the Court does not have personal jurisdiction over RZB and RI because Plaintiff has not alleged facts that establish a prima facie showing of personal jurisdiction. (Def. Mem. at 18-19.) Plaintiffs respond to Defendants with evidence of serving RB International Finance (USA) LLC at 1133 Avenue of the Americas, and further allege that RI and RZB are "wholly owned commercial financial entities" of RB International Finance (USA) LLC (formerly RZB Finance LLC). (Pl. Opp. at 22.) In Defendants' Reply Memorandum of Law In Support of Motion to Dismiss the Amended Complaint ("Def. Reply") Defendants respond further by "clarify[ing] the structure of the Raiffeisen entities" and attach as support an affidavit from Dr. Christoph Lehner, head of the Executive Secretariat of RZB. (Def. Reply at 2.) Relying on Lehner's declaration, Defendants chart the Raiffeisen entities as follows:

> Defendant Raiffeisen Zentralbank Österreich Aktiengesellschaft, commonly known as RZB, is an Austrian "Aktiengesellschaft," which is the German word for "stock corporation." Lehner Reply Decl. at ¶ 4. RZB is headquartered in Vienna, Austria. *Id.* RZB's website is rzb.at. *Id.* RZB owns 100% of Raiffeisen International Beteiligungs GmbH, an Austrian limited liability company with its business address in Vienna. *Id.* at ¶ 5. Raiffeisen International Beteiligungs GmbH owns 78.5% of the voting shares of Raiffeisen Bank International AG ("RBI"), an Austrian "Aktiengesellschaft" abbreviated as "AG." *Id.* at ¶ 6. RBI is the third largest bank in Austria and is listed on the Vienna Stock Exchange. *Id.* RBI's website is rbinternational.com. *Id.* RBI has branches located in London, Beijing, Xiamen, Labuan, and Singapore. Further, RBI owns operating subsidiaries in Asia and in Central and Eastern Europe, including Serbia. *Id.*
>
> RBI's Serbian subsidiary is Raiffeisen banka a.d. in Belgrade. *Id.* at ¶ 7. Its website is raiffeisenbank.co.yu. *Id.* Raiffeisen banka a.d. has 101 business outlets in Serbia. *Id.* RBI's subsidiary in New York is RB International Finance (USA) LLC, formerly known as RZB Finance LLC. *Id.* at ¶ 8. It is located in Manhattan and maintains no offices outside the United States. *Id.* Its website is usafinance.rbinternational.com. *Id.*

5

(Def. Reply at 2-3.) Defendants also argue that RI is based in Vienna, Austria with subsidiaries in Turkey, Russia, Ukraine, Poland, Czech Republic, Romania, Bulgaria and Malta and offices in Montenegro and Serbia. (*Id.* at 3.) They further allege that "RI has no offices, subsidiaries, or employees in the United States." (*Id.*)

## DISCUSSION

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all of the factual allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See*, *e.g.*, *Board of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 479 (2d Cir. 2002), *cert. denied*, 537 U.S. 1227 (2003); *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). A court "may not dismiss a complaint unless 'it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle [the plaintiff] to relief.'" *Jaghory*, 131 F.3d at 329 (quoting *Hoover v. Ronwin*, 466 U.S. 558, 587 (1984) (Stevens, J., dissenting)).[1]

Because "a Rule 12(b)(6) motion challenges the facts alleged on the face of the complaint . . . or, more accurately, the sufficiency of the statements in the complaint," *see Cortec Indus., Inc. v. Sum Holding L.P*, 949 F.2d 42, 47 (2d Cir. 1991) (internal citations omitted), *cert. denied*, 503 U.S. 960 (1992), only certain matters outside of the four corners of plaintiff's pleading may be considered in assessing the complaint's sufficiency. As the Second Circuit has stated:

---

[1] Plaintiff requests the leniency given to *pro se* submissions. However, both the motion papers and the Amended Verified Complaint are signed by an attorney. Accordingly, the Court will not apply the more liberal *pro se* standard.

> When determining the sufficiency of plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiff's [pleading] . . ., to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec*, 949 F.2d at 47-48). The Second Circuit has emphasized that "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (emphasis in original). If material other than that listed by the *Brass* Court "is presented to and not excluded by the court, 'the motion shall be treated as one for summary judgment and disposed of as provided in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion . . . .'" *Id.*; Fed.R.Civ.P. 12(d).

In this case, Defendants have included in their motion papers materials outside the four corners of the complaint. Specifically, defendants have submitted an affidavit from Dr. Christoph Lehner, head of RZB's Executive Secretariat, detailing the structure of the Raiffeisen entities. According to the information in this affidavit, Plaintiffs served RB International Finance (USA) LLC, a subsidiary of RBI. RZB owns 100% of Raiffeisen International Beteiligungs GmbH, which, in turn, owns 78.5 % of RBI. In short, according to Defendants, Plaintiffs served the subsidiary of a company which is not wholly owned by the Defendants against whom they brought suit, so they served an entity separate from the Defendants. Further, RI is effectively completely unconnected to RB International Finance (USA) LLC. Essentially, according to this affidavit, Plaintiffs have not served the same entities that they are suing. In

7

Plaintiff Walter Mihailovich's Declaration ("Michaelson Decl"),[2] he alleges that he "met twice with Raiffeisen Investment in New York" regarding Jelen Do because they "understood the concerns an American investor would have." (Michaelson Decl. at ¶ 41, 43.) It is possible that Plaintiffs did, in fact, intend to serve RB International Finance (USA) LLC because that company had advised him during the Jelen Do deal. However, RB International Finance (USA) LLC is not a defendant against whom Plaintiffs filed suit. Further, even if Plaintiffs intended to file suit against RB International Finance (USA) LLC at 1133 Avenue of the Americas, New York, N.Y., and had properly done so, the Court notes that, pursuant to 28 U.S.C. § 1391, the appropriate venue upon removal would have been the Southern District of New York, which sits in Manhattan.

The Court notes that Plaintiff was given an opportunity to request discovery as to the jurisdictional issue, but Plaintiff chose not to exercise such opportunity. (*See* Minute Entry and Order from the May 5, 2010 pre-motion conference [D.E. 17] at ¶ 4 (directing Plaintiffs to inform the court "on or before June 18, 2010" if Plaintiffs needed discovery); Transcript of the May 5, 2010 Pre-Motion Conference at 18 (informing Plaintiffs that they could "request discovery…with regard to the process and personal jurisdiction issues.")). Nonetheless, according to Fed.R.Civ.P. 12(d), the Court cannot consider documents outside the four corners of the complaint without providing the parties an opportunity to present all pertinent material. Accordingly, any additional materials should be submitted by May 4, 2012. However, if Plaintiffs have since realized that they have served or sued the wrong defendants, they may choose not to file further papers. In light of the potential merit of the personal jurisdiction

---

[2] According to the declaration, Plaintiff Walter Mihailovich has changed his name to Walter Michaelson. (Michaelson Decl. at ¶ 1.)

arguments, this Court declines to consider at this time the other arguments made by Defendants in their motion to dismiss.

## CONCLUSION

The Raiffeisen Investment and Raiffeisen Zentral Bank Defendants' motion to dismiss this action for, *inter alia*, lack of personal jurisdiction and invalid service of process is denied without prejudice. Defendants' arguments regarding personal jurisdiction rely on materials outside of the complaint. In accordance with Fed. R. Civ. P. 12(d), this Court will allow Defendants to file a motion for summary judgment to address the personal jurisdiction issue. The Court will provide the parties with an opportunity to submit additional materials which they deem pertinent to a determination of the personal jurisdiction argument specifically. Defendants' motion should be served on Plaintiffs on or by May 4, 2012. Plaintiffs' opposition should be served on or by June 1, 2012. Finally, Defendants' reply, if any, should be served on or by June 15, 2012. The fully briefed motion should then be filed with the Court on or by June 18, 2012. The Court declines to consider the other arguments in Defendants' motion to dismiss until the personal jurisdiction issue is resolved.

**SO ORDERED.**

_____/s/_____
SANDRA L. TOWNES
United States District Judge

Dated: March 30, 2012
Brooklyn, New York